WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY, APPELLEE, v. O. M. OLSEN, COMMISSIONER NEBRASKA STATE DEPARTMENT OF LABOR, APPELLANT.

2 N. W. (2d) 353

FILED FEBRUARY 13, 1942.   No. 31356.

*John E. Sidner* and *Ray W. McNamara*, for appellant.

*John F. Futcher, contra.*

Heard before SIMMONS, C. J., ROSE, PAINE, CARTER and MESSMORE, JJ.

CARTER, J.

Appellee moves to dismiss the appeal of O. M. Olsen, commissioner, Nebraska state department of labor, for the reasons (1) that he is not a real party in interest, (2) that he has no appealable interest, and (3) that the issues determined in the district court are *res judicata* as to him. A determination of these questions is required by the motion.

The record shows that Grace Radloff left her work with the appellee and filed a claim for benefits under the unemployment compensation law. The deputy commissioner and appeal tribunal allowed the claim. Appellee took an appeal

to the district court for Douglas county where the claim was disallowed. From this order Olsen appealed. The claimant defaulted in the district court and did not appeal to this court. Appellee thereupon moved to dismiss the appeal for the reasons hereinbefore stated.

The unemployment compensation law (Comp. St. Supp. 1939, sec. 48-706) states in part: "(g) * * * The commissioner shall be deemed to be a party to any judicial action involving any such decision, and may be represented in any such judicial action by any qualified attorney employed by the commissioner." And in subdivision (h) of the same section it is stated: "Within ten days after the decision of an appeal tribunal has become final, any party aggrieved thereby may secure judicial review thereof by commencing an action in the district court."

The question whether the commissioner of labor could appeal, regardless of claimant's failure to do so, was raised in *In re Foy*, 10 Wash. (2d) 317, 116 Pac. (2d) 545, wherein the Washington supreme court said:

"The effect of such a judgment of the superior court is two-fold. In the first place, it denies the right of claimants to unemployment benefits; in the second place, it in effect denies to the state, acting through the commissioner, the right to collect contributions from the employer, based upon the salaries of the employees who are held to be without the scope of the statute. It cannot, then, be positively said that the judgment does not adversely affect the compensation fund. * * *

"We are convinced that it must be held that the commissioner has the right, as an aggrieved party, to appeal to this court from judgments of the superior court on matters of construction, interpretation and application of the act, which judgments are contrary to the rulings of the commissioner in construing the act as applied to certain specific cases, and thereby secure a decision of this court upon such questions."

The commissioner is required to administer the unemployment compensation law in accordance with its terms.

Payments of benefits are not superseded by an appeal except on the order of the commissioner. If payments of benefits are denied on appeal after payments have been in fact made, they must necessarily be charged against some other fund, as the statute specifically provides that they shall not be charged to the employer's account. Benefits not chargeable to an employer's account are necessarily charged to the pooled account provided for in section 48-707, Comp. St. Supp. 1939. In the protection of these funds the commissioner has a direct interest in seeing that a decision out of harmony with the general administration scheme does not disrupt, not only the fund, but the class of qualified beneficiaries as well. In the present case the claimant was paid in full irrespective of the appeal, and the action of the trial court in reversing the award was tantamount to a direction to pay it out of the pooled account instead of the employer's account. The protection of these accounts against erroneous decisions, where the benefits have been paid regardless of appeal, is necessary to prevent the depletion of the pooled account.

This does not mean that the commissioner is representing the claimant on the appeal. Ofttimes the claimant has been paid in full and cares nothing about the appeal. It is not the commissioner's interest in the claim that aggrieves him, —it is the fact that the uniform administration of the benefits to the named class has been interfered with, and the subsequent necessity of debiting the charges against funds not ordinarily used for that purpose, which aggrieves him and gives him an appealable interest. The statute contemplates that he shall not only administer the act uniformly but that he shall use his best endeavors in the litigation of claims to bring about uniformity of decision in the handling of all claims.

This result necessarily leads to the conclusion that the judgment of the district court is not *res judicata* of the case. The commissioner of labor, being a proper party, can, when aggrieved by the result of a district court decision, appeal to this court. The necessity for judicial interpreta-

tions and constructions of the statute is essential to the establishment of a state-wide public policy in the administration of the act. An erroneous decision, out of harmony with administrative construction and in which the claimant no longer has an interest because of the payment of all benefits due pending the appeal, could lead to the establishment of a precedent very damaging to the pooled account without any opportunity for this court to finally pass upon the real question. The labor commissioner as the administrator of the fund is obliged, under the law, to protect the funds in the pooled account the same as those in the employer reserve accounts. In such cases the labor commissioner is aggrieved by the trial court's judgment, if it be erroneous, in directing in effect its payment from the wrong fund. He is also entitled to obtain a proper construction, interpretation and application of the act in order that he can fairly administer the act in a uniform manner, both as to employers and beneficiaries, throughout the state. We think this is what the legislature had in mind when it required the labor commissioner to be made a party.

We have come to the conclusion that the state labor commissioner has such an interest in the litigation that he may appeal when he feels aggrieved. The motion of appellee is therefore without merit and it is overruled.

MOTION TO DISMISS APPEAL OVERRULED.