734 So.2d 1077 (1999)
Iris J. CARO, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 98-1344.
District Court of Appeal of Florida, First District.
February 17, 1999.
Paul J. Giordano, Palm Bay, for Appellant.
William T. Moore, Tallahassee, for Appellee.
VAN NORTWICK, J.
Iris J. Caro appeals the denial of her petition for unemployment compensation benefits which she filed after losing her teaching position with the Brevard County school system. Because appellant's actions cannot constitute either voluntarily leaving her work without good cause attributable to her employer or misconduct connected with her work, see sections 443.101(1)(a) and 443.036(26), Florida Statutes (1997), Gulf County School Bd. v. Washington, 567 So.2d 420 (Fla.1990), we reverse.
For the 1995-1996 and 1996-1997 school years, appellant was employed as a teacher by the Brevard County School Board under a temporary non-renewable teaching certificate. This temporary certificate expired on June 30, 1997, if all requirements for a regular teaching certificate had not been met by that date. When she failed to pass the examination required for a regular teaching certificate, appellant was not retained by the Brevard County School Board upon the expiration of her temporary teaching certificate. Appellant applied for and was awarded unemployment benefits. An appeals referee reversed the award. The Florida Unemployment Appeals Commission affirmed the denial of benefits on the ground that appellant's separation from employment was due to her misconduct, reasoning in pertinent part, as follows:
The record reflects that the claimant was discharged from her employment because she did not have the required certificate needed to continue in employment. Failure to obtain a certification necessary to continue in employment is not misconduct if the failure was due to inability, and not due to refusing to take the steps necessary to properly prepare. In this case, the claimant failed to take the steps necessary to obtain a certificate. Testimony reveals that the claimant knew at the time of hire, when she received her temporary certificate, and by letter from her employer, that a permanent certificate was required.... Testimony reveals that the claimant waited until the month that her temporary certificate was scheduled to end before attempting to take the test to acquire the permanent certificate. Since the claimant *1078 knew two years in advance that she needed a permanent certificate to continue employment and failed to adequately prepare for the certificate, the employer had good cause to discharge the claimant. The claimant's actions amounted to misconduct within the meaning of the law.
(Citation omitted).
In Washington, the claimant was hired as a teacher in 1984 based upon a temporary teaching certificate valid only for one school year. He took and failed the teacher certification examination in 1985, 1986 and 1987, but was able to obtain additional one-year temporary certificates through the 1986-87 school year. Upon the expiration of his final temporary certificate, the school board declined to rehire him. Washington, 567 So.2d at 420-21. The claimant applied for and received unemployment benefits. In approving the award of unemployment benefits, the Supreme Court explained:
The underlying premise [cases cited by school board] is that it would be unfair to impose additional unemployment compensation premiums upon a faultless employer simple because the employee could not meet one of the known conditions of employment. While this rationale has some appeal, the Unemployment Compensation Law does not recognize it as a basis for disqualification. If the legislature accepts the ... concern that our decision will discourage temporary employment pending the passing of a licensure examination, the law can be amended to provide a third basis for the denial of benefits.
When Washington failed to pass the Florida teachers' examination, the school board properly terminated his employment. Had it been shown that Washington refused to take the steps necessary to adequately prepare for the examination, it may be that he could be denied unemployment compensation benefits for misconduct.... It is well settled that an employee who is discharged because he cannot adequately perform the work is entitled to unemployment compensation in spite of the fact that the employer had good reason to fire him. There is no meaningful difference between an employee who unavoidably finds that he or she cannot meet a known condition of employment and one who is discharged for simply failing to measure up to the requirements of the job.
Washington, 567 So.2d at 422-23 (citations omitted).
We cannot distinguish the facts in the instant case from those in Washington. While appellant may have demonstrated poor judgment in not giving herself an opportunity to retake the test should she fail to pass it, nothing in the record would indicate, and the Commission did not find, that she refused to take the necessary steps for certification or that her poor judgment constituted "misconduct" under section 443.036(26), Florida Statutes (1997). Thus, there is no factual basis on this record to find her guilty of misconduct as defined in section 443.036(26). See Washington, 567 So.2d at 422-23; see also School Board of Miami-Dade County v. Sutton, 710 So.2d 1047 (Fla. 3d DCA 1998); and Fontaine v. Hillsborough County School Bd., 709 So.2d 642 (Fla. 2d DCA 1998).
Accordingly, the cause is REVERSED and REMANDED for entry of an award of benefits.
BOOTH and BENTON, JJ., CONCUR.