STONE, J.
We reverse an order of the Unemployment Appeals Commission (UAC) affirming the referee’s determination that Book was not entitled to receive unemployment compensation benefits.
Book’s employment as an insurance investigator was undisputably terminated for his failure to obtain an adjustors license. The manager of the employer’s investigation unit testified that the state requires all adjustors to be licensed and that the employer, Security National Insurance Company, required all employees hired as an investigator to pass the examination necessary to obtain a license. The employee manual indicated that the employees had six months from the date of hire to obtain the license.
Book was employed from June 1997 until August 1998. In October 1997, Book failed the exam. In May 1998, the manager spoke to Book about the six month requirement and asked him if he planned to retake the test. Book replied that he would “take care of it.” In August 1998, Book failed the test for a second time. Security National Insurance Company subsequently terminated Book’s employment for failure to obtain an adjustors license, and not for any misconduct. We note, however, that Book did acknowledge that he could have taken the test every month.
The appeals referee found that Book “was discharged [by the employer] for not complying with the employer’s requirement that he pass the test and get his adjustors license.” However, the referee went on to conclude that because the claimant could not adequately explain why he took the examination only twice in over a year, it was not shown that he made adequate good faith attempts to take the test. Under these circumstances, the referee found that Book’s failure to re-take the test amounted to misconduct as it dem *1147 onstrated an intentional disregard of the employer’s interest.
In Gulf County School Board v. Washington, 567 So.2d 420 (Fla.1990), a teacher employed under a temporary certificate was terminated when he failed the teacher certification examination and was ineligible to obtain another temporary certificate. There, the referee determined that the teacher was entitled to unemployment compensation and the decision was affirmed by the UAC.
In Washington, there was no finding of misconduct or lack of good faith and the supreme court likened the circumstances to those where an employee was discharged for failure to live up to the requirements of his or her job. The court explained:
When Washington failed to pass the Florida teachers’ examination, the school board properly terminated his employment. Had it been shown that Washington refused to take the steps necessary to adequately prepare for the examination, it may be that he could be denied unemployment compensation benefits for misconduct. Here, however, the school board does not even assert that misconduct was involved.... It is well settled that an employee who is discharged because he cannot adequately perform the work is entitled to unemployment compensation in spite of the fact that the employer had good reason to fire him. There is no meaningful difference between an employee who unavoidably finds that he or she cannot meet a known condition of employment and one who is discharged for simply failing to measure up to the requirements of the job.
Id. at 422-23 (citations omitted).
In Caro v. Florida Unemployment Appeals Commission, 734 So.2d 1077 (Fla. 1st DCA 1999), a teacher was discharged when she failed the teacher certification examination and was, therefore, ineligible to obtain a regular teaching certificate. There, unlike Washington, the UAC denied unemployment compensation benefits on the basis that her failure to obtain a teacher’s certificate, a known condition of employment, amounted to misconduct. The UAC reasoned:
In this case, the claimant failed to take the steps necessary to obtain a certificate. Testimony reveals that the claimant knew at the time of hire, when she received her temporary certificate, and by letter from her employer, that a permanent certificate was required.... Testimony reveals that the claimant waited until the month that her temporary certificate was scheduled to end before attempting to take the test to acquire the permanent certificate. Since the claimant knew two years in advance that she needed a permanent certificate to continue employment and failed to adequately prepare for the certificate, the employer had good cause to discharge the claimant. The claimant’s actions amounted to misconduct within the meaning of the law.
Id. at 1077-78. The First District reversed, finding no record evidence to support the UAC’s conclusion that the teacher failed to take the necessary steps for certification. Id. at 1078. Acknowledging that the teacher should have taken the test earlier, the First District refused to uphold the denial of benefits based on her “poor judgment.” Id. Similar holdings were reached in School Board of Miami-Dade County v. Sutton, 710 So.2d 1047 (Fla. 3d DCA 1998), where the court held that a teacher’s failure to become eligible for a permanent teaching certificate did not amount to misconduct disqualifying him from unemployment compensation benefits; and Fontaine v. Hillsborough County School Board, 709 So.2d 642 (Fla. 2d DCA 1998), where a teacher’s failure to obtain her professional teaching certificate did not amount to misconduct disqualifying her from unemployment compensation benefits.
*1148 Here, it is clear that nothing in the record would indicate, and Security National did not even claim or allege, that Book’s poor judgment constituted “misconduct” justifying the denial of compensation benefits. Accordingly, the order of the UAC affirming the appeals referee’s denial of unemployment benefits is reversed.
WARNER, C.J. and COX, CYNTHIA, Associate Judge, concur.