**Leonard L. JONES, Plaintiff–Appellant,**

v.

**Kenneth FARMER and Kevin Linsmeier, Defendants–Appellees.**

No. 00–4182.

United States Court of Appeals, Seventh Circuit.

Submitted July 23, 2001.*

Decided July 25, 2001.

Rehearing and Rehearing En Banc Denied Aug. 23, 2001.

Before BAUER, COFFEY, and WILLIAMS, Circuit Judges.

**ORDER**

Leonard Jones filed this suit under 42 U.S.C. § 1983 alleging that Kevin Linsmeier, a Madison, Wisconsin police officer, violated the Fourth Amendment by seizing money from him during an arrest, and that Linsmeier and Kenneth Farmer, an assistant district attorney for Dane County, Wisconsin, violated the Due Process Clause of the Fourteenth Amendment by failing to provide Jones with a forfeiture hearing or post-seizure notice of the right to contest the seizure of his money. Be-

---

* After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* Fed. R.App. P. 34(a).

fore the defendants were served, the district court sua sponte dismissed Jones's complaint as legally frivolous pursuant to 28 U.S.C. § 1915 and denied Jones in forma pauperis status. Jones appeals, and we affirm.

In the early morning of February 1, 1997, after Jones was found sleeping in his car parked in front of his house with the engine running, Linsmeier arrested Jones for operating a vehicle while intoxicated. Linsmeier searched Jones and his car incident to the arrest and found drug paraphernalia and $1,783 in cash, which Linsmeier seized. Linsmeier then took Jones to the police station, where Jones was charged with possessing drug paraphernalia and operating a vehicle while intoxicated. At the police station, Jones allegedly asked Linsmeier why the $1,783 was not being placed in Jones's jail account and Linsmeier replied, "I'm keeping that." Linsmeier did not give Jones a receipt for the money, nor did he tell Jones how or when to contest its seizure. According to Jones, several times between the date of his arrest and March 17, 1997, Linsmeier refused Jones's requests to return the money. Additionally, during the same time frame, Jones allegedly spoke to Farmer, who told him that the police lacked evidence linking the $1,783 to drug crimes, but nonetheless the police would be angry if Farmer were to order it returned. Farmer did not institute proceedings using the state's formal forfeiture provision, Wis. Stat. § 961.55.

At some point during the pretrial proceedings of the charges against Jones, Jones requested that the state trial court order the return of the $1,783 and dismiss the drug paraphernalia charge on the basis that Linsmeier lacked probable cause to conduct a search of the vehicle. The trial court held a hearing on Jones's motion to suppress, at which Jones argued that the

money seized incident to the arrest should be returned. After concluding that the arrest and search were valid, the trial court held that the money was "contraband" within the meaning of Wis. Stat. § 986.20, the statute governing the return of property seized during arrests, and thus denied Jones's request to have the money returned to him. Jones appealed this ruling, and the Wisconsin appeals court affirmed. *See In re Return of Property in State v. Jones*, 577 N.W.2d 389, 1998 WL 79019 (Wis.App. Feb.26, 1998) (unpublished opinion). Subsequently, Jones appealed to the Wisconsin Supreme Court, and that court also affirmed. *See In re Return of Property in State v. Jones*, 226 Wis.2d 565, 594 N.W.2d 738 (Wis.1999), *cert. denied, Jones v. Wisconsin*, 528 U.S. 1143, 120 S.Ct. 995, 145 L.Ed.2d 942 (2000).

Jones then filed this federal lawsuit, alleging primarily that Linsmeier seized Jones's money without probable cause and that Linsmeier and Farmer violated due process by failing to provide Jones with a forfeiture hearing or with post-seizure notice of his right to contest the seizure. The district court dismissed the complaint as frivolous, concluding that Jones's Fourth Amendment claim had been determined already by the Wisconsin state courts and, in any event, that his complaint stated neither a legally cognizable Fourth Amendment claim nor a due process claim upon which relief could be granted. Jones filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59, which the district court denied, and Jones filed a timely notice of appeal.

 On appeal Jones first argues that he should have been allowed to go forward with his federal lawsuit in forma pauperis because Linsmeier did not have probable cause to seize the $1,783. We conclude,

however, that Jones is collaterally estopped from pursuing this claim in federal court.[1] Under the doctrine of collateral estoppel, also known as issue preclusion, when a question is actually and necessarily decided by a court of competent jurisdiction, that decision is conclusive in all subsequent litigation involving a party to the prior litigation. *See Adair v. Sherman*, 230 F.3d 890, 893 (7th Cir.2000). Furthermore, state court judgments must be given the same full faith and credit that the judgment would receive in that state. 28 U.S.C. § 1738; *see also Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (holding that prior state court criminal conviction and subsequent appeals precluded litigation of Fourth Amendment claim brought under § 1983). Thus, a state court's judgment precludes a party from relitigating a claim in federal court when the party had a "full and fair opportunity" to litigate the claim in state court.[2] *Id.* at 95. And so long as the state proceedings satisfied the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause, the party had a full and fair opportunity to litigate the claim. *See Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 481, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982); *Guenther v. Holmgreen*, 738 F.2d 879, 885 (7th Cir.1984).

In this case, Jones's Fourth Amendment claim is collaterally estopped first because he seeks to raise the same claims that were actually litigated at the state circuit court's hearing regarding the seizure of the money: that probable cause did not exist at the time of the arrest and that the money was not contraband. *See Jones*, 594 N.W.2d at 753 (upholding state circuit court's determination that $1,738 was contraband seized as an incident to the arrest). Additionally, the circuit court's resolution of Jones's arguments was necessary to the ultimate forfeiture of his money: without the court's determination that the money was contraband, by statute the money would have to have been returned to him. *See id.* at 748. Finally, a judicial determination of probable cause does not require the "full-panoply of adversarial-type safeguards," *Guenther*, 738 F.2d at 885, and the hearing Jones requested and received, in which he was permitted to introduce evidence and cross-examine witnesses, satisfied minimal Fourteenth Amendment Requirements, *see id.* at 886 (probable cause hearing provided litigant with "full and fair opportunity" to litigate Fourth Amendment claim when permitted to cross-examine witnesses and present evidence in support of claim).

■ Jones also contests the district court's dismissal of his due process claim that Farmer and Linsmeier did not provide him with a forfeiture hearing or with post-seizure notice of his right to contest the seizure and the time and date of a forfeiture hearing. That Jones filed a motion for return of all of the money confiscated from him belies his claim that he had neither notice of the seizure nor notice that he could seek its return. And the fact that he received a hearing on his request

---

1. We note that ordinarily the defendants have the burden of demonstrating collateral estoppel as an affirmative defense. *See Adair*, 230 F.3d at 894. Here, the district court sua sponte dismissed the case before the defendants were served. Nevertheless, courts are free to raise preclusion issues even if the parties did not do so. *Kratville v. Runyon*, 90 F.3d 195, 198 (7th Cir.1996).

2. Under Wisconsin law, collateral estoppel applies if the issue at question was "actually litigated in a previous action" and if issue preclusion would be fundamentally fair. *Lindas v. Cady*, 183 Wis.2d 547, 515 N.W.2d 458 (Wis.1994).

contradicts his claim that he did not receive notice of an opportunity to be heard on his request for return of the money. By admitting that he knew he could seek return of the money under Wisconsin law and that he did so at a hearing, he has pleaded himself out of court. *See Endsley v. City of Chicago*, 230 F.3d 276, 284 (7th Cir.2000).

We therefore AFFIRM the dismissal of Jones's suit as legally frivolous.