Donald A. **ELFER**, Jr., Plaintiff–
Appellant,

v.

**TEXAS WORKFORCE COMMISSION;**
United States Department of the
Army, Defendants–Appellees.

No. 05–50814.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 27, 2006.

James Ashley Endicott, Jr., Endicott Law Offices, Harker Heights, TX, for Plaintiff–Appellant.

Anthony Aterno, Office of the Attorney General, Austin, TX, Susan B. Biggs, U.S. Attorney's Office, San Antonio, TX, for Defendants–Appellees.

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM: *

Donald A. Elfer appeals the district court's summary judgment, upholding the Texas Workforce Commission's ("TWC") denial of unemployment benefits based on a finding that Elfer was terminated for misconduct. Because the undisputed facts establish that Elfer was fired for inability to perform his job, rather than misconduct, the agency's decision to the contrary was unreasonable. We accordingly RE-VERSE the district court's judgment and RENDER judgment in Elfer's favor.

Elfer sought unemployment benefits from the TWC after the Army terminated his employment as an air traffic controller because of his inability to obtain required certification for radar approach control. The TWC determined that Elfer's failure to obtain certification was misconduct, which disqualified him for benefits under section 207.044 of the Texas Unemployment Compensation Act ("TUCA").[1] The TWC's Appeal Tribunal upheld the finding that Elfer was fired for misconduct, relying on a prior agency decision in which it held that an insurance agent's failure to pass a licensing exam, after several attempts, constituted "mismanagement of her position of employment equivalent to misconduct connected with the work."

Elfer appealed to the TWC commissioners, who adopted and affirmed the Appeal Tribunal's determination, with one of the three commissioners dissenting without opinion. Elfer then sought judicial review of the agency decision in state district court, with the Army[2] and the TWC as defendants. The Army removed the case to federal court, and the federal district court granted the Army's and the TWC's joint motion for summary judgment. Elfer appeals, arguing that his failure to obtain certification was not misconduct under section 207.044, but an inability to perform his job to the satisfaction of his employer, which he says is not misconduct

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. TEX. LAB.CODE § 207.044(a) ("An individual is disqualified for benefits if the individual was discharged for misconduct connected with the individual's last work.").

2. Although not named as a defendant by Elfer, the Army was made a defendant pursuant to TEX. LAB.CODE § 212.201(b), which requires each party to the TWC proceeding to be made a defendant in the suit for judicial review of the TWC's decision.

under controlling Supreme Court of Texas precedent.

We review a summary judgment *de novo*, applying the same standard as the district court,[3] and appellate review of a TWC decision is *de novo* with substantial evidence review.[4] "A trial *de novo* review of a[TWC] ruling requires the court to determine whether there is substantial evidence to support the ruling of the agency, but the reviewing court must look to the evidence presented in trial and not the record created by that agency."[5] The TWC's decision is entitled to a presumption of correctness, and the party seeking to set it aside has to show that it was not supported by substantial evidence.[6] Moreover, the court may not overturn a ruling just because the court would have reached a different conclusion.[7] The court may set a decision aside only if it was "made without regard to the law or the facts and therefore was unreasonable, arbitrary, or capricious."[8] Finally, the court can review whether the agency applied a proper legal standard.[9]

Under the TUCA, an employee who is "discharged for misconduct connected with the individual's last work" is disqualified for benefits.[10] The TUCA defines misconduct as "mismanagement of a position of employment by action or inaction, neglect that jeopardizes the life or property of another, intentional wrongdoing or malfeasance, intentional violation of a law, or violation of a policy or rule adopted to ensure the orderly work and the safety of employees."[11] In *Mercer v. Ross*, the Supreme Court of Texas held that mere inability to perform one's job is not misconduct through mismanagement of a position.[12] Rather, mismanagement "requires intent, or such a degree of carelessness as to evidence a disregard of the consequences...."[13] The employee in *Mercer* was a travel agent who made a number of mistakes during the course of her employment. Specifically, "she booked tickets incorrectly and prepared them with the wrong names and destinations" and distributed airline schedules before they became effective. Her errors eventually caused her employer to lose a significant commercial account. Despite her numerous errors in performing her job, the Supreme Court of Texas held that she was not terminated for misconduct through mismanagement of a position, but for an inability to perform her job to her employer's satisfaction.[14]

Here, the TWC acknowledged that inability to perform is not misconduct through mismanagement of a position, but nevertheless found that Elfer was fired for misconduct. In so concluding, the TWC did not cite or attempt to distinguish *Mercer*, but instead relied upon prior agency precedent in which it held that an insurance agent's failure to pass a licensing exam and to obtain a required license was misconduct rather than an inability to perform

3. *Hanks v. Transcontinental Gas Pipe Line Corp.*, 953 F.2d 996, 997 (5th Cir.1992).

4. Tex. Lab.Code § 212.202(a).

5. *Mercer v. Ross*, 701 S.W.2d 830, 831 (Tex. 1986).

6. *Id.*

7. *Id.*

8. *Id.*

9. *Id.*

10. Tex. Lab.Code § 207.044(a).

11. *Id.* § 201.012(a).

12. *Mercer*, 701 S.W.2d at 831.

13. *Id.*

14. *Id.*

the job. Elfer contends that the findings of misconduct in his case, as well as in the prior agency decision, were unreasonable applications of the legal standard for misconduct set forth in *Mercer*. He also argues that his case is distinguishable from the agency precedent because the certification required to retain his job was based solely on his job performance, not his ability to pass a state licensing test.

We agree that the TWC unreasonably applied the legal standard in Elfer's case and that, under *Mercer*, Elfer was not fired for misconduct. Although *Mercer* is admittedly distinguishable because the employee in that case was not required to obtain a license or certification, Elfer, like the employee in *Mercer*, was terminated for inability to perform his job to the satisfaction of his employer. As in *Mercer*, there is no evidence of intent or a careless disregard for the consequences.[15] Although Elfer knew that he had to become certified when he was hired and was reminded of his need to get certified one year before the deadline, Elfer's work evaluations comment that he was "[a]nxious to succeed" and consistently "strive[d] for excellence"; he simply could not perform his job well enough to get certified. According to the Army's letter proposing to terminate Elfer, he was "simply unable to apply the concept of vertical, lateral, and longitudinal separation between aircraft and therefore unable to perform the job of an air traffic controller." Although the termination letter asserted that Elfer was being fired because he failed to meet a condition of employment, and not because he was an unsuccessful performer, his fail-

ure to meet the condition was due entirely to his inability to perform one aspect of his job. Elfer's inability to perform his job is not transformed into misconduct simply by labeling it a failure to meet a condition of employment.

There is evidence that the radar certification was more difficult to obtain at certain facilities than at others. In fact, Elfer obtained certification when he worked for a facility in Fort Polk, Louisiana, but he was unable to obtain certification at Fort Hood's facility, where he was responsible for a much smaller airspace with a much larger volume of traffic. The Supreme Court of Texas has observed that the purpose of the TUCA is "to provide compensation for workers who are unemployed through no fault of their own."[16] The defendants do not allege that Elfer could have mastered aircraft separation at the Fort Hood facility if he tried harder; in fact, his supervisors stated that they did not think he would ever be able to master aircraft separation at that facility, regardless of how much training he received. There is simply no evidence that Elfer was unemployed through any fault on his part.

Although the Appeal Tribunal concluded that Elfer was fired for misconduct due to "mismanagement of a position of employment by action or inaction," the Army also argues that Elfer's inability to separate aircraft—the reason for his failure to become certified and thus for his termination—also constitutes misconduct through "neglect that jeopardizes the life or property of another."[17] The Supreme

---

15.  *See id.* (requiring intent or a careless disregard for the consequences to show misconduct through mismanagement).

16.  *Collingsworth Gen. Hosp. v. Hunnicutt*, 988 S.W.2d 706, 709 (Tex.1998).

17.  *See Tex. Employment Comm'n v. Hays*, 360 S.W.2d 525, 527 (Tex.1962) ("If the Commission's conclusion was correct, it is immaterial that it may have proceeded to the conclusion on an erroneous theory or may have given an unsound reason for reaching it.").

Court of Texas has not affirmatively stated the legal standard for this ground of misconduct but said in *Mercer* that "[m]ere inconvenience or additional cost incurred by the employer" as a result of an employee's inability to perform his job is not enough to show misconduct through neglect.[18] Here, the Army claims that Elfer's inability to separate aircraft did not result in "mere inconvenience or additional cost," but could have endangered the lives of crew members and passengers and was thus misconduct through neglect.

We are not persuaded by this argument. There is no evidence that Elfer's inability to become certified was due to any neglect or lack of effort on his part, as discussed above.

We hold that the TWC's decision was unreasonable and that it cannot be upheld on the alternate neglect ground urged by the Army. Accordingly, we REVERSE the district court's summary judgment upholding the agency's decision and RENDER judgment in Elfer's favor.

---

18. *Mercer,* 701 S.W.2d at 831 ("Any employee who is unable to do his job to the satisfaction of his employer lowers profits and ... places in jeopardy the property of his employer or the customer; however, that is not the standard. Mere inconvenience or additional cost incurred by the employer or his customers is not applicable, and TEC is not required to address it.").