Opinion issued October 23, 2008








 






In The

Court of Appeals

For The

First District of Texas






NO. 01-07-01100-CV






TEXAS WORKFORCE COMMISSION, Appellant


V.


THE CITY OF HOUSTON, Appellee






On Appeal from the 133rd District Court

Harris County, Texas

Trial Court Cause No. 2005-50704






O P I N I O N

 The Texas Workforce Commission (TWC) appeals the trial court's summary
judgment reversing TWC's decision that Sally Trimble was entitled to receive
unemployment compensation. We reverse and render judgment for TWC.

BACKGROUND

Factual Background 

 Sally R. Trimble began working for the Houston Fire Department (HFD) on
March 22, 2004. At the time she was hired, and as a condition of her employment,
Trimble was told that she would have to successfully complete firefighter training in
accordance with section 6.13 of the HFD Code of Conduct, entitled "Skills
Proficiency." Trimble acknowledged receipt of the HFD Code of Conduct. Trimble
was aware that in order to become a Houston firefighter, she had to pass the Houston
Community College ("HCC") fire-training program.

 On December 15, 2004, Trimble presented HFD with a statement from her
physician indicating that she was unable to work from December 14-16, 2004. The
physician indicated that, thereafter, Trimble could return to "desk work" until
December 20, 2004.

 On December 22, 2004, Trimble failed to complete the "air pack maze
evolution," (1) which was required to successfully complete the fire-training program
at HCC. The lead instructor at HCC, John Mitchell, gave Trimble two opportunities
to complete the maze, but she failed on both attempts. (2) On December 28, 2004,
Mitchell sent a letter to Deputy Chief Josef Gregory requesting that Trimble be
removed from his class.

 Trimble met with Deputy Chief Gregory on December 29, 2004. Gregory told
Trimble that she had two options--resign and reapply at a later date or be terminated. 
Trimble refused to resign and told Gregory that she would rather receive
unemployment benefits than resign. Trimble never returned to work after her meeting
with Gregory.

 The next day--December 30, 2004--Gregory sent a letter to Assistant Chief
John Flanagan recommending that Trimble's employment be terminated that same
day. On February 1, 2005, Fire Chief Phil Boriskie terminated Trimble "for failure
to complete the air pack maze skills portion of fire training." 

Procedural Background

 Trimble's initial claim for unemployment benefits was denied. She appealed
the initial determination to the Appeals Tribunal. See Tex. Lab. Code Ann. §
212.102 (Vernon 2006). The Appeals Tribunal ruled in Trimble's favor and reversed
the initial determination denying her benefits. In so doing, the Appeals Tribunal
issued the following findings of fact and conclusions of law:

 On December 29, 2004 the claimant was given the option by her
employer to either resign or be terminated. The claimant had been
unable to complete a training course that was mandatory for completing
the firefighter trainee program. The claimant had the option to resign
and reapply at a later date or be terminated and not have the option to
reapply at a later date. Either choice would result in the claimant being
separated from work by the employer. The claimant chose to be
terminated. The claimant had ongoing health problems, including
bronchitis and sinusitis, throughout the course of the training program
that hindered her ability to complete the physical training.


 The claimant testified and provided documentation from her physician
as evidence of her illnesses and the limitations her health problems
placed on her ability to perform and contributed significantly to her
inability to complete the training course in question. Because the
claimant could not complete the physical training course requirement
due to illness does not constitute misconduct connected with the work. 
Therefore, it is concluded that the employer has failed to provide
evidence sufficient to support a finding by a preponderance of the
evidence of misconduct connected with the work and that the claimant
was terminated for reasons other than misconduct connected with the
work. Accordingly, the determination disqualifying the claimant for
benefits beginning January 30, 2005 under Section 207.044 will be
reversed.


The City appealed the Appeals Tribunal's decision to the Commission. See Tex.
Lab. Code Ann. § 212.151(2) (Vernon 2006). The Commission affirmed the
Appeals Tribunal's decision awarding Trimble benefits and adopted the Appeals
Tribunal's findings of facts and conclusions of law. The City then filed a suit for
judicial review of TWC's decision in district court. See Tex. Lab. Code Ann. §
212.201 (Vernon 2006). TWC and the City filed cross-motions for summary
judgment. The trial court granted the City's motion for summary judgment and
denied TWC's motion, thereby reversing TWC's determination that Trimble was
entitled to receive unemployment benefits. TWC now brings this appeal.

Was there Substantial Evidence to Support TWC's Decision?

 In its sole issue on appeal, TWC contends the trial court erred in rendering
summary judgment in favor of the City because there was substantial evidence to
support TWC's decision that Trimble did not engage in misconduct with her work,
thereby disqualifying her from unemployment benefits under section 207.044 of the
Labor Code.

Trial Court's Standard of Review

 The trial court reviews a TWC decision de novo to determine whether there is
substantial evidence to support the TWC's decision. Mercer v. Ross, 701 S.W.2d
830, 831 (Tex. 1986); Texas Employment Comm'n v. Morgan, 877 S.W.2d 11, 13
(Tex. App.--Houston [1st Dist.] 1994, no pet). The trial court may hear any evidence
in existence at the time of the hearing before the Appeals Tribunal regardless of
whether it was introduced at the hearing. See Firemen's and Policemen's Civil Serv.
Comm'n v. Brinkmeyer, 662 S.W.2d 953, 956 (Tex. 1984); G.E. American
Communication v. Galveston Cent. Appraisal Dist., 979 S.W.2d 761, 764 (Tex.
App.--Houston [14th Dist.] 1998, no pet.). The determination of whether TWC's
decision was supported by substantial evidence is a question of law. Arrellano v.
Texas Employment Comm'n, 810 S.W.2d 767, 770 (Tex. App.--San Antonio 1991,
writ denied).

 TWC's ruling carries a presumption of validity, and the party seeking to set it
aside has the burden to show it was not supported by substantial evidence. Mercer,
701 S.W.2d at 831; Morgan, 877 S.W.2d at 13. The trial court may not set aside a
TWC decision merely because it would reach a different conclusion. Mercer, 701
S.W.2d at 831; Morgan, 877 S.W.2d at 13-14. It may do so only if it finds the TWC's
decision was made without regard to the law or the facts, and, therefore, was
unreasonable, arbitrary, or capricious. Mercer, 701 S.W.2d at 831; Morgan, 877
S.W.2d at 14.

Appellate Court Standard of Review

 The summary judgment rule provides a method of summarily ending a case that
involves only a question of law and no fact issues. Tex. R. Civ. P. 166a(c); Nixon v.
Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985); Cigna Ins. Co. v. Rubalcada,
960 S.W.2d 408, 411 (Tex. App.--Houston [1st Dist.] 1998, no pet.). When, as here,
both sides move for summary judgment, and the trial court grants one motion and
denies the other, we review the summary judgment evidence presented by both sides
and determine all questions presented. See Comm'rs Ct. of Titus Cty. v. Agan, 940
S.W.2d 77, 81 (Tex. 1997); Rubalcada, 960 S.W.2d at 411-12. We render such
judgment as the trial court should have rendered. Agan, 940 S.W.2d at 81; 
Rubalcada, 960 S.W.2d at 412.

 By granting summary judgment to the City, the trial court necessarily held that 
there was no substantial evidence to support TWC's decision. We must determine
whether the City established there was no substantial evidence to support TWC's
decision. We must look at the evidence presented to the trial court, and not the agency
record by itself. Nuernberg v. Texas Employment Comm'n, 858 S.W.2d 364, 365
(Tex. 1993); Morgan, 877 S.W.2d at 13. The record of TWC's proceeding, which was
admitted as stipulated evidence by both parties, was part of the evidence considered
by the trial court.

Substantial Evidence Review

 Under the substantial evidence rule, the party seeking to set aside an agency's
order has the burden of proving that it is not supported by substantial evidence. See 
Mercer, 701 S.W.2d at 831. "Substantial evidence is more than a mere scintilla, but
less than a preponderance of the evidence." City of Houston v. Tippy, 991 S.W.2d
330, 334 (Tex. App.--Houston [1st Dist.] 1999, no pet.). Under this rule, if the
evidence before the court, taken as a whole, is such that reasonable minds could have
reached the same conclusion reached by the agency, then the order must be sustained. 
Trapp v. Shell Oil Co., 198 S.W.2d 424, 441 (Tex. 1946); White v. City of Dallas, 517
S.W.2d 344, 348 (Tex. Civ. App.--Dallas 1974, no writ). The court reviewing the
agency's decision must not put itself in the position of the agency and substitute its
findings for that of the agency, even if it concludes that the overwhelming
preponderance of evidence is against the agency's decision. City of San Angelo v.
Boehme Bakery, 190 S.W.2d 67, 70 (Tex. 1945). The determination of whether an
agency's decision is supported by substantial evidence is a question of law to be
reviewed de novo by the district court and the court of appeals. See Thomas v.
Standard Oil & Gas Co., 198 S.W.2d 420, 421 (Tex. 1946).

Is the Inability to Complete Training "Misconduct"?

 The Texas Unemployment Compensation Act provides, in pertinent part, the
following:

 (a) An individual is disqualified for benefits if the individual was
discharged for misconduct connected with the individual's last work.


Tex. Lab. Code Ann. § 207.044(a) (Vernon 2006). The term "misconduct" is defined
as follows:

 "Misconduct" means mismanagement of a position of employment by
action or inaction, neglect that jeopardizes the life or property of another,
intentional wrongdoing or malfeasance, intentional violation of a law, or
violation of a policy or rule adopted to ensure the orderly work and the
safety of employees.


Tex. Lab. Code Ann. § 201.012(a) (Vernon 2006).


 The City argued in its motion for summary judgment that Trimble was
disqualified for benefits because she had committed misconduct. Specifically, the City
argued that, by failing to complete the air maze pack test, Trimble had violated section
6.13 of the HFD Code of Conduct, which required her to complete the HCC fire-training program. In response, TWC argued that Trimble was terminated because of
her "inability to perform required tasks to the satisfaction of the City of Houston," and
that, under Mercer, 701 S.W.2d at 830, such inability does not rise to the level of
misconduct.

 In Mercer v. Ross, the unemployment benefits claimant, Mercer, was hired as
a travel agent. 701 S.W.2d at 830. During the course of her employment, the claimant
made numerous errors, including booking tickets with the wrong names and
destinations. Id. As a result of her errors, the claimant's employer lost a large
commercial client. Id. Because she was never able to do the job to her employer's
satisfaction, the claimant was fired. Id. When the claimant sought and was awarded
unemployment benefits by TWC, her employer filed a suit for judicial review to set
aside TWC's award. Id. The trial court reversed TWC's award, and the court of
appeals affirmed. Id. The supreme court reversed, holding that "mismanagement, not
misconduct in general, requires intent, or such a degree of carelessness as to evidence
a disregard of the consequences, whether manifested through action or inaction." Id.
at 831. "If the legislature had intended that mere inability to perform duties required
disqualification from benefits it could have stated so." Id.

 While Mercer did not specifically address whether an employee's failure to pass
or complete a certification required for continued employment constitutes misconduct,
the United States Fifth Circuit Court of Appeals has done so in a case following
Mercer. In Elfer v. Texas Workforce Commmission, 2006 WL 462347, No. 05-50814,
169 Fed. Appx. 378 (5th Cir. 2006) (not designated for publication), the claimant, an
air traffic controller, was terminated because he was unable to obtain a required
certification for radar-approach control. Id. at 379. The TWC determined that the
claimant's failure to obtain certification was misconduct, disqualifying him from
unemployment benefits. The claimant sought judicial review, which his employer, the
United States Army, removed to federal court. Id. The federal district court granted
the Army and TWC's joint motion for summary judgment. Id. On appeal to the Fifth
Circuit, the claimant argued that his failure to obtain certification was not misconduct
under section 207.044, but was merely an "inability to perform his job to the
satisfaction of his employer." Id. The Fifth Circuit agreed, holding that the claimant
was not fired for misconduct. Id. at 381. In so holding, the court noted that there was
"no evidence of intent or a careless disregard for the consequences" by the claimant. 
Id. The Army stated that Elfer was terminated because he was "'simply unable to
apply the concept of vertical, lateral, and longitudinal separation between aircraft and
therefore unable to perform the job of an air traffic controller.'" Id. at 381. The court
noted that Elfer's failure to meet a condition of his employment--passing the required
certification--"was due entirely to his inability to perform one aspect of his job." Id.
"[The claimant's] inability to perform his job is not transformed into misconduct
simply by labeling it a failure to meet a condition of employment." Id.

 Other jurisdictions have similarly held that a claimant's failure to pass a
certification test required for employment is not misconduct, though a failure to
diligently attempt to obtain the required certification may be misconduct. See
Washington Reg'l Ctr. Bd. of Rev. v. Direction, Employment Sec. Dept., 979 S.W.2d
94, 96 (Ark. Ct. App. 1998) (holding that when claimant has taken affirmative steps
to obtain required respiratory therapist certification, inability to pass certification
examination not misconduct); Caro v. Florida Unemployment Appeals Comm'n, 734
So.2d 1077, 1078 (Fla. Ct. App.--1st Dist. 1999) (holding that teacher's failure to
obtain permanent teaching certificate not misconduct absent showing that she refused
to take necessary steps for certification); Fontaine v. Hillsborough County Sch. Bd.,
709 So.2d 642, 643 (Fla. Ct. App.--2nd Dist. 1998) (same); Book v. Unemployment
Appeals Comm'n, 744 So.2d 1146, 1147-48 (Fla. Ct. App.--4th Dist. 1999) (holding
that insurance investigator's failure to obtain adjustor's license not misconduct even
though test only taken twice though offered monthly); Clarke v. N. Detroit Gen.
Hosp., 470 N.W.2d 393, 397 (Mich. 1991) (holding that nurses who failed licensing
exams did not leave work voluntarily and were not excluded from unemployment
benefits); Michael v. Long Island Coll. Hosp., 401 N.Y.S.2d 591, 592-93 (N.Y. App.
Div. 1978) (holding that nurses who failed licensing exams did not provoke discharge
thus making them ineligible for unemployment benefits); Millersville State College,
Pa. Dept. of Ed. v. Commonwealth of Pennsylvania, 335 A.2d 857, 859-60 (Pa.
Commw. Ct. 1975) (holding that failure to attempt to obtain required degree
constitutes misconduct, but failure to obtain degree itself not misconduct); Milwaukee
County v. Dep't of Indus. Labor and Human Relations Comm'n, 259 N.W.2d 118,
123-24 (Wis. 1977) (holding that nurse should not be denied unemployment benefits
because her failure to pass required exam not "due to her own fault"). 

 Other jurisdictions have also held that when a claimant loses or fails to obtain
a license through lack of effort or other deliberate conduct, such action may constitute
misconduct. See City of Clarksdale v. Mississippi Employment Sec. Comm'n, 699
So.2d 578, 582-83 (Miss. 1997) (holding that police cadet who failed to pass physical
requirements for position committed misconduct because "an individual's physical
fitness can be uniquely within that person's control" and evidence showed that
claimant "could have worked harder or trained more."); Markel v. City of Circle Pines,
479 N.W.2d 382, 385 (Minn. 1992) ("A professional driver who is dismissed after
revocation of his or her driver's license due to driving while under the influence of
alcohol, while off-duty, is dismissed for misconduct.").

 This is not a case in which Trimble failed to attempt to make a good faith
attempt to pass the HCC fire safety course, including the air pack maze evolution. 
Indeed, the record shows that she tried on two occasions to pass the test. Trimble also
practiced outside her classes in an attempt to improve her performance. Nevertheless,
she was unable to pass the test during class and received a grade of incomplete. There
is evidence that Trimble's failure to complete the air pack maze evolution was due to
either (1) her health issues, or (2) claustrophobia. In the words of the Elfer court, there
is "no evidence of intent or a careless disregard for the consequences" by Trimble. 
See Elfer, 169 Fed. Appx. 381. Trimble was fired because she was unable to do her
job to the satisfaction of her employer. Her inability to perform her job is not
"transformed into misconduct simply by labeling it a failure to meet a condition of
employment." Elfer, 19 Fed. Appx. 381. As such, there is substantial evidence to
support TWC's conclusion that the "claimant could not complete the physical training
course requirement due to illness" and that her inability to complete her training "does
not constitute misconduct connected with the work."

Did the Claimant Leave Employment Voluntarily?

 The City argued alternatively in its motion for summary judgment that Trimble
was disqualified because she left her employment voluntarily. "An individual is
disqualified for [unemployment] benefits if the individual left the individual's last
work voluntarily without good cause connected with the individual's work." Tex.
Lab. Code Ann. § 207.045(a) (Vernon 2006).

 However, the reason for an employee's disqualification from unemployment
benefits must be based on the same reason given by the employer for the employee's
discharge. See Hernandez v. Texas Workforce Comm'n, 18 S.W.3d 678, 682 (Tex.
App.--San Antonio 2000, no pet.). The City never argued to TWC that Trimble had
abandoned her job, and TWC's ruling does not address this issue. TWC's ruling
should not be reviewed on a factual basis never passed on by the agency. See Kellum
v. Texas Workforce Comm'n, 188 S.W.3d 411, 415 (Tex. App.--Dallas 2006, no pet.). 
Therefore, if the trial court granted summary judgment based on the City's alternative
grounds, it did so in error because Trimble's abandonment of her employment was a
ground that was never considered by the agency.

CONCLUSION

 Because there was substantial evidence to support TWC's decision, the trial
court erred in granting the City's motion for summary judgment and in denying
TWC's motion for summary judgment. Accordingly, we reverse the judgment of the
trial court and render judgment affirming the TWC's decision that Trimble is entitled
to unemployment benefits.


 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Nuchia and Higley.


1. 
 
 
2.