PER CURIAM.
 

 In this unemployment compensation appeal, Appellant challenges the Unemployment Appeals Commission’s order denying benefits. An appeals referee originally awarded benefits, determining Appellant’s failure to pass a necessary certification exam did not rise to the level of disqualifying misconduct defined in section 443.036(29)(a), Florida Statutes (2009). Appellant’s employer appealed the decision to the Commission, which determined the referee’s decision was not supported by competent, substantial evidence. The Commission concluded the only competent, substantial evidence in the record supported the conclusion that Appellant was discharged for misconduct connected with her work.
 

 We are compelled to reverse the Commission’s order under the supreme court’s and this court’s precedent.
 
 See Gulf County Sch. Bd. v. Washington,
 
 567 So.2d 420 (Fla.1990);
 
 Caro v. Fla. Unemployment Appeals Comm’n,
 
 734 So.2d 1077 (Fla. 1st DCA 1999). In
 
 Washington,
 
 a teacher was discharged after failing a required certification exam three years in a row.
 
 Washington,
 
 567 So.2d at 420. The court reasoned that under well-settled law, an employee who is discharged for inadequate work performance is entitled to benefits, and no meaningful distinction exists between an employee who cannot meet a known condition of work and one who simply fails to measure up to the job requirements.
 
 Id.
 
 at 423. The teacher was thus entitled to benefits.
 
 Id.
 
 The court noted that had the school board proven the teacher failed to adequately prepare for the exam, she may have been denied compensation for engaging in misconduct.
 
 Id.
 
 at 422.
 

 Here, although some evidence exists to find that Appellant did not adequately prepare for the required exam and that she avoided admitting she failed, this court has held that such evidence does not rise to the level of disqualifying misconduct.
 
 See Caro,
 
 734 So.2d at 1078 (following
 
 Washington,
 
 and holding that while the claimant may have demonstrated poor judgment by failing to adequately prepare for teacher’s exam, she was not guilty of misconduct). Therefore, the Commission erroneously concluded that Appellant engaged in misconduct connected to her work.
 

 REVERSED and REMANDED.
 

 HAWKES, THOMAS, and ROBERTS, JJ., concur.