**Opinion issued September 27, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-10-00849-CV

———————————————

**ROCE LOPEZ, Appellant**

**V.**

**TEXAS WORKFORCE COMMISSION AND LA MADELEINE OF TEXAS, INC., Appellee**

———

On Appeal from the 151st District Court
Harris County, Texas
Trial Court Case No. 2009-61346

———

## MEMORANDUM OPINION

Roce Lopez appeals the trial court's summary judgment in favor the Texas Workforce Commission and La Madeleine of Texas, Inc. Lopez's claim for unemployment benefits was denied by TWC. She appealed the decision to the

district court.  TWC and La Madeleine filed a joint motion for summary judgment, and the trial court granted it.  In her sole issue, Lopez contends that the trial court's grant of summary judgment was improper.  We conclude that the trial court correctly determined the legal question before it: whether TWC's decision was supported by substantial evidence.  Accordingly, we affirm.

## Background

Lopez left her employment with La Madeleine on January 17, 2009.  A few weeks later, she made a claim for unemployment insurance benefits.  A TWC claims examiner initially determined that Lopez qualified for benefits.  La Madeleine appealed the decision to a TWC appeal tribunal.

The appeal tribunal reversed the initial decision, concluding Lopez was disqualified from receiving unemployment benefits under section 207.045 of the Texas Unemployment Compensation Act.  *See* TEX. LAB. CODE ANN. § 207.045(a) (West 2006).  Under that section, a former employee is not entitled to unemployment benefits if she left the job voluntarily, unless there was "good cause" for leaving.  TEX. LAB. CODE ANN. § 207.045(a) (West 2006).  TWC defines good cause as follows: "Good cause connected with the work for leaving, as that term is used in the law of unemployment insurance, means such cause, related to the work, as would cause a person who was genuinely interested in retaining work to nevertheless leave the job."  TEX. WORKFORCE COMM'N APP. &

2

POL'Y MANUAL, VL 210.00 Good Cause (Oct. 1, 1996), *available at* http://www.twc.state.tx.us/ui/appl/vl.pdf. An exception to this rule applies if the employee shows that her working conditions are "intolerable." *See id.* VL 515.05 Working Conditions: General ("Dissatisfaction with working conditions is generally not considered to be good cause connected with the work for quitting unless the claimant can show that the conditions were intolerable."). Additionally, under TWC precedent, an employee who voluntarily leaves her employment because of dissatisfaction with working conditions without "affording the employer any opportunity to resolve the situation" has not quit for good cause. *See id.*

The appeal tribunal issued findings of facts and conclusions of law with its decision. It found that Lopez was dissatisfied with her working conditions and felt that Tara Keffer, the general manager of the restaurant and Lopez's direct supervisor, was treating her unfairly. According to Lopez, Keffer was working her too hard, working her too long, denying her breaks, and shouting at her. Lopez informed Ty Fichtner, La Madeleine's director of operations, that Keffer was mistreating her. Fichtner investigated Lopez's complaint and determined that Lopez was not being mistreated.

The appeal tribunal also found that Lopez did not report the alleged mistreatment through La Madeleine's normal chain of command. In addition,

3

Lopez did not use an employee hotline to report Keffer's alleged mistreatment. Based on Lopez's failure to report her alleged mistreatment to La Madeleine through the proper channels, the tribunal concluded that Lopez had not shown that her working conditions were intolerable. *See* TEX. WORKFORCE COMM'N APP. & POL'Y MANUAL, VL 515.05 Working Conditions: General. The appeal tribunal concluded that Lopez did not give La Madeleine the opportunity to resolve the situation. Therefore, under TWC precedent, Lopez was disqualified from receiving benefits. *See id.*

Lopez appealed the decision of the appeal tribunal to the TWC commissioners. The commissioners determined that the appeal tribunal decision was correct. They adopted the appeal tribunal's findings of fact and conclusions of law and affirmed that decision. Lopez filed a motion for rehearing, and the commissioners denied it.

Lopez appealed the decision to district court. La Madeleine and TWC moved for summary judgment on the grounds that TWC's decision was supported by substantial evidence. The summary judgment was supported, in part, by affidavits from Keffer and Fichtner. In her affidavit, Keffer denied harassing or abusing Lopez. She also stated that Lopez was given the same work load as other employees. In his affidavit, Fichtner averred that, about a month and a half before Lopez quit, she complained of Keffer's treatment. Fichtner looked into the matter

4

and determined that Lopez was not being worked excessively or otherwise being treated unfairly. He stated that because of reduced business at the location where Lopez worked, only one service assistant was assigned to each shift. La Madeleine also submitted evidence that, despite the purportedly intolerable work environment, Lopez did not contact any other management or human resources personnel to complain. Lopez also did not call the corporate employee hotline, which she had used in reporting her prior supervisor's conduct.

In response, Lopez submitted her own affidavit, in which she presented a different version of events. Lopez worked as a service assistant for La Madeleine for approximately eighteen months until she had to move out of state in December 2007. After she returned to Texas, she was rehired by La Madeleine in April 2008. Lopez complained of her immediate supervisor's behavior. She reported that he shoved her with a broomstick, making contact with her buttocks. As a result of the incident, La Madeleine terminated the supervisor's employment.

The replacement supervisor, Lopez alleges, continually teased her about the prior incident and frequently touched her buttocks. Lopez contends that she reported the behavior to Keffer, the manager of the restaurant, but that Keffer did nothing. As a result, Lopez called a La Madeleine employee hotline and later had an attorney write a letter to Keffer and to La Madeleine's corporate office in Dallas. The replacement supervisor's employment was later terminated.

5

Lopez contends that Keffer, who became Lopez's direct supervisor, began to show hostility and to retaliate against her. For instance, Keffer called Lopez stupid, accused her of being a thief, and subjected her to random searches. Keffer also reduced Lopez's hours. When Lopez filed a complaint, Keffer increased her hours, but deprived her of breaks. Keffer also allegedly required Lopez to scrub the restroom floors with a toothbrush and clean the toilets using bleach. Lopez contends that such janitorial tasks were not part of her job description. Lopez submitted a letter of resignation giving two weeks' notice on January 5, 2009. Lopez claims that by doing so, she hoped that "the company w[ould] step in." Lopez left her employment on January 17, 2009.

The trial court decided the legal question of whether TWC's decision was supported by substantial evidence against Lopez and granted summary judgment. Lopez filed a motion for new trial, which was overruled. Lopez appealed.

**Standard of Review**

**A.    Summary Judgment Review**

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v.*

6

*Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).

## B.     Substantial Evidence Review

The trial court's review of a TWC decision is by "trial de novo based on the substantial evidence rule." TEX. LABOR CODE ANN. § 212.202(a) (West 2006); *Mercer v. Ross*, 701 S.W.2d 830, 831 (Tex. 1986), *cited in Tex. Workforce Comm'n v. City of Houston*, 274 S.W.3d 263, 266 (Tex. App.—Houston [1st Dist.] 2008, no pet.). A TWC decision concerning the payment of benefits carries a presumption of validity, and the party seeking to set it aside has the burden to show it was not supported by substantial evidence. *City of Houston*, 274 S.W.3d at 266 (citing *Mercer*, 701 S.W.2d at 831). Whether TWC's decision was supported by substantial evidence is a question of law. *Id.*; *Blanchard v. Brazos Forest Prods., L.P.*, 353 S.W.3d 569, 572 (Tex. App.—Fort Worth 2011, pet. denied).

Under the substantial evidence rule, the issue before the court is "whether the evidence introduced before the trial court shows facts in existence at the time of the [agency's] decision that reasonably support the decision." *Collingsworth Gen. Hosp. v. Hunnicutt*, 988 S.W.2d 706, 708 (Tex. 1998), *quoted in Blanchard*, 353 S.W.3d at 572. The issue is not whether TWC made the correct decision. *Blanchard*, 353 S.W.3d at 572. If the evidence is such that reasonable minds could

have reached the same conclusion, the agency's decision must be upheld. *City of Houston*, 274 S.W.3d at 267; *Blanchard*, 353 S.W.3d at 572. In other words, "[i]f substantial evidence would support either affirmative or negative findings, we must uphold the agency decision and resolve any conflicts in favor of the agency decision." *Farris v. Fort Bend Indep. Sch. Dist.*, 27 S.W.3d 307, 312 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (citing *Auto Convoy v. Railroad Comm'n*, 507 S.W.2d 718, 722 (Tex. 1974)). "We may not set aside an agency decision merely because testimony was conflicting or disputed or because it did not compel the agency's decision." *Scally v. Tex. State Bd. of Med. Examiners*, 351 S.W.3d 434, 441 (Tex. App.—Austin 2011, pet. filed) (citing *Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer*, 662 S.W.2d 953, 956 (Tex. 1984)). It is the agency's function to resolve conflicts in evidence, and "it is the aim of the substantial evidence rule to protect that function." *Brinkmeyer*, 662 S.W.2d at 956.

"Substantial evidence" is more than a scintilla, but less than a preponderance. *Blanchard*, 353 S.W.3d at 572 (citing *City of Houston v. Tippy*, 991 S.W.2d 330, 334 (Tex. App.—Houston [1st Dist.] 1999, no pet.)). Thus, a decision supported by substantial evidence will be upheld, even if the evidence preponderates against the decision. *City of Houston*, 274 S.W.3d at 267; *Blanchard*, 353 S.W.3d at 572.

Trial courts may grant summary judgments in cases tried under the substantial evidence rule. *Blanchard*, 353 S.W.3d at 573. "Indeed, appeals under substantial evidence review are uniquely suited to summary judgment because the only issue before the court is a question of law." *Id.* (quoting *Arrellano v. Tex. Emp't Comm'n*, 810 S.W.2d 767, 771 (Tex. App.—San Antonio 1991, writ denied)). We review the trial court's summary judgment by comparing the TWC decision with the evidence presented to the trial court and the governing law. *Id.* The issue we must decide is whether the summary judgment evidence established as a matter of law that substantial evidence existed to support the TWC decision. *Id.*

## Discussion

In this appeal, Lopez contends that she had good cause for leaving her employment because her working conditions were "intolerable." *See* TEX. WORKFORCE COMM'N APP. & POL'Y MANUAL, VL 515.05 Working Conditions: General. She argues that TWC's determination that she did not have good cause for quitting was not supported by substantial evidence because TWC "failed to consider th[e] facts as a whole, rather it attached more importance to the hearsay affidavit and/or testimony of the Employer's representatives." This, however, confuses the issue the trial court was required to address. The question before this court is not whether TWC correctly resolved conflicting evidence, but whether the

9

trial court properly found as a matter of law that TWC's determination was supported by substantial evidence.

TWC and La Madeleine submitted Keffer's and Fichtner's affidavits in support of their motion for summary judgment. Keffer stated she did not mistreat Lopez and Lopez was given the same amount of work as other employees. Fichtner stated that, when Lopez complained to him, he looked into the matter and determined that Lopez was not being mistreated or unfairly given heavier workloads. In addition, Fichtner also averred that Lopez did not contact any other management or human resources personnel or utilize the employee hotline to report that hse was being mistreated. Lopez responded with her own affidavit, testifying that Keffer became hostile because Lopez had complained about her prior supervisors. Lopez detailed specific instances of alleged mistreatment, including being given heavier workloads than other employees, being denied breaks, and being verbally abused.

Additionally, TWC's prior decision was included as summary judgment evidence. TWC determined that, following TWC precedent, Lopez did not have good cause for quitting for two reasons. In the findings of fact and conclusions of law issued by the appeals tribunal and adopted by the commissioners, TWC specifically found that Lopez did not report her complaints of mistreatment through La Madeleine's normal chain of command. Nor did she report her

10

complaints using the employee hotline. Therefore, TWC determined that Lopez had not met her burden of showing her working conditions were intolerable. TWC also determined that Lopez's failure to report her mistreatment deprived La Madeleine the opportunity to resolve her complaints about the working conditions. Because the working conditions were not intolerable and because Lopez did not give La Madeleine the chance to address the issue, Lopez did not have good cause for quitting.

Although it was presented with conflicting evidence, the trial court correctly determined that TWC's decision was not unreasonable. Keffer's and Fichtner's affidavits provide a reasonable basis to determine that Lopez's working conditions were not intolerable and, therefore, she quit without good cause. *See City of Houston*, 274 S.W.3d at 267 (inquiry is whether reasonable minds could have reached the same decision as the agency decision under review). Fichtner's affidavit also provides a reasonable basis to determine that Lopez did not give La Madeleine the opportunity to address the situation and, therefore, Lopez quit without good cause. We do not decide whether Lopez raised a fact issue concerning whether she quit for good cause; rather, like the trial court, we decide only whether substantial evidence supported TWC's determination that she did not have good cause for quitting. *Blanchard*, 353 S.W.3d at 572. On this record, we conclude that the summary judgment evidence demonstrated that substantial

11

evidence did support TWC's determination. *See Collingsworth Gen. Hosp.*, 988 S.W.2d at 708 (stating that issue on review is whether evidence introduced before trial court showed facts in existence at time of TWC's decision that reasonably support that decision). Accordingly, we hold that the trial court properly granted summary judgment.

We overrule Lopez's sole issue.

## Conclusion

We affirm the judgment of the trial court.


                                        Rebeca Huddle
                                        Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.


12