## MEGGS et al. v. TEXAS UNEMPLOY-MENT COMPENSATION COMMISSION.

### No. 15173.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 10, 1950.

Rehearing Denied Dec. 8, 1950.

Carney, Carney & Mays, of Atlanta, for appellants.

Price Daniel, Atty. Gen., Charles P. Atkinson, Asst. Atty. Gen., and C. H. Messer, of Austin, for appellee.

HALL, Justice.

Mrs. Vernice A. Meggs, appellant herein, filed her claim for unemployment benefits with the (now) Texas Employment Commission under provisions outlined in Article 5221b—1 et seq., Vernon's Revised Civil Statutes. She was formerly employed by the Lone Star Defense Corporation of Bowie County, Texas. Said Employment Commission ruled that appellant was disqualified to receive benefits because she voluntarily left her last employment without good cause connected with the employment, as set out in Article 5221b—3, as amended: "An individual shall be disqualified for benefits: (a) If the Commission finds that he has left his last work voluntarily without good cause connected with his work. * * *"

Appellant filed suit in the District Court of Cass County, making the Commission and her former employer parties defendant. Trial was to the court, which rendered judgment that appellant take nothing by her suit; hence this appeal consisting of the following point: "The Court erred in rendering judgment for the appellee basing it upon the grounds that the cessation of employment was due to the voluntary act of appellant."

The testimony is that of plaintiff and her witnesses, from which we will determine the question of whether or not claimant, appellant herein, left her employment voluntarily as contemplated by the statute. She testified as follows:

"Q. What was the cause of you leaving the employment? A. I was needed at home so bad. My mother died the 10th of September, and she had been staying with me and doing my work for me, cooking and all; and I had to quit to be there at home to help my husband who could not get any help to gather his crop.

> *   *   *   *   *   *

"Q. What was the state of his health at that time? A. He wasn't in good health. He could not hold out for a days work but he did some work.

"Q. Was he able to make a living for you at that time? A. Not altogether. It took both of us, was why I worked at Lone Star.

"Q. Is he still sick, Mrs. Meggs, been continuously sick from that time until this? A. Yes, sir, he is real bad sick now."

While we find such labor law pertaining to unemployment compensation remedial in its nature and should be construed liberally to give effect to its beneficent purposes, yet under the evidence in this case, even though prompted by an admirable motive (that is, the wife having left her labor to assist and wait upon her sick husband), we do not find in such testimony a good cause as contemplated under the statute for leaving her former employment, for the reason the same is not connected with her former employment. The momentous decision which appellant made was a voluntary one in that her former employer had nothing to do with bringing about the condition which forced such decision.

We hold that a compensable claim for benefits under the above law must have some relation to or connection with the employment which the employee has lost. Woodmen of the World Life Ins. Soc. v. Olsen, Commissioner of Labor, 141 Neb. 776, 4 N.W.2d 923; Huiet et al. v. Schwob Mfg. Co., 196 Ga. 855, 27 S.E.2d 743; S. S. Kresge Co. v. Unemployment Compensation Commission, 349 Mo. 590, 162 S.W.2d 838. Both parties state there are no Texas cases deciding this point; we have found none.

For the reason stated, the case is affirmed.